UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESSEX LAW, | ) |
|    PLAINTIFF, | ) CIVIL ACTION |
| | ) |
| | ) No. |
| vs. | ) |
| | ) |
| BOROUGH OF ROCHESTER, | ) JURY TRIAL DEMANDED |
| | ) |
|    DEDENDANTS. | ) |

## **CIVIL COMPLAINT**

Essex Law, by undersigned counsel, files this Civil Complaint and in support alleges the following:

I.      Jurisdiction

1.      This Honorable Court has subject matter jurisdiction over the causes of action at Counts I and II below pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because Plaintiff states questions under federal law.  Specifically at issue are claims made pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.  This Honorable Court has supplemental jurisdiction over Plaintiffs claims made under the Pennsylvania Human Relations Act ("PHRA") pursuant to 28 U.S.C. § 1367.

2.      Plaintiff has exhausted administrative remedies.  Plaintiff filed charges of discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission (EEOC) on June 6, 2023.  On February 29, 2024, the EEOC issued a Right-to-Sue letter.  This suit is timely filed.

II.     Venue

3.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff was working for Defendants in Fayette County at the time of the illegal actions of the Defendant set forth herein, which is within the Western District of Pennsylvania.

III.    The Parties

4.       Plaintiff is an African American who lives in Monaca, Pennsylvania.

5.      The Borough of Rochester, is a political subdivision of the Commonwealth of Pennsylvania, with its address located at 350 Adams Street, Suite 1, Rochester, Pennsylvania.

III.    Factual Background

6.      In 2022, Plaintiff applied for employment with the Borough of Rochester.  Mr. Law received no response to his employment application and when he inquired with the Borough about his application, he was informed that the application was misplaced.

7.      In February of 2023, Plaintiff completed another employment application with the Borough in the Maintenance Department for which he is qualified to perform.

8.      Mr. Law attended the meeting of Borough Council on May 15, 2023.  He inquired about the status of his most recent job application.  Law was informed that his second application was misplaced, just like his first application.  As a result, Law completed a third application at the meeting.  He received no response to any of his applications.

9.      The Borough Mayor, who is also African American, has advised Law that the Borough is not hiring African American employees and that the Borough has not hired a black person in half a century.

10. The Chairperson of the Borough's Public Safety Committee advised Law that he should pursue legal action because of the Borough's discriminatory actions.

11. Mr. Law's son and brother also applied for jobs with the Borough, but received no response to their applications, which were reportedly misplaced by the Borough as well.

12. At the May 15, 2023 meeting, Mr. Law was advised that the Borough had no applicants for open positions. Yet, upon information and belief, the Borough's Maintenance Supervisor thereafter hired a Caucasian friend to fill the maintenance position Law had repeatedly applied to obtain.

## COUNT I – 42 U.S.C. § 1981

### Racial Discrimination

13. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

14. The above described unlawful employment practices by Defendant, its agents, servants and employees violate 42 U.S.C. § 1981. The actions were discriminatory.

15. Defendant's actions were performed with malice and/or reckless indifference to Law's federally protected rights.

16. As a direct and proximate result of the above-mentioned employment practices, Plaintiff has lost income, fringe benefits, retirement contributions, lost future job opportunities, future pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience, harm to his reputation, and mental anguish for which he seeks damages.

WHEREFORE, Essex Law demands judgment against the defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front

pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

### COUNT II – TITLE VII

**Racial Discrimination**

17. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

18. The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

19. Defendant's actions were performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

20. As a direct and proximate result of the above-mentioned employment practices, Essex Law has lost income the form of back and front pay, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience, harm to his reputation, and mental anguish for which she seeks damages.

WHEREFORE, Essex Law demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

### COUNT III - THE PENNSYLVANIA HUMAN RELATIONS ACT

**Discrimination**

4

21. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

22. The PHRA prohibits discrimination based upon the race of an employee or job applicant.

23. Plaintiff was discriminated against because of his race as more fully described herein in violation of the PHRA.

24. Defendant's alleged reasons for the illegal conduct are a pretext for illegal discrimination.

25. Defendant's unlawful employment practices caused Plaintiff to suffer damages including but not limited to lost income, lost benefits, emotional distress, and mental anguish, humiliation, embarrassment, damage to his reputation, and inconvenience.

26. Defendant's deliberate discrimination against Plaintiff is unlawful discrimination and is in violation of the PHRA.

WHEREFORE, Essex Law demands judgment against Defendant for compensatory damages, plus costs of this action, reimbursement of back pay with interest, front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

JURY TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

Dated: May 17, 2024

Respectfully submitted,

By /s/ Thomas B. Anderson, Esquire
Thomas B. Anderson, Esquire
Pa. I.D. No. 79990

Bordas and Bordas, PLLC.
420 Fort Duquesne Blvd., Suite 1800
Pittsburgh, PA  15222
(412) 502-5000
tanderson@bordaslaw.com
Counsel for the Plaintiff